# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN LEE FIRESTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-1404-JWL |
| | ) | |
| HAWKER BEECHCRAFT | ) | |
| INTERNATIONAL SERVICE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Deposition (ECF No. 79). Defendants filed a response in opposition to Plaintiff's motion (ECF No. 82). No reply has been filed, and the time for doing so has expired. For the reasons explained below, Plaintiff's motion is denied.

### I.    Procedural Requirement to Confer

Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, this District's local rules state that the Court will not entertain any motion to resolve a discovery dispute "unless the attorney for the moving party has conferred or has made a reasonable effort to confer concerning the matter in dispute prior to the filing of the motion."[1]

"A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and

---

[1] D. Kan. R. 37.2.

deliberate, or in good faith attempt to do so."[2]

To determine whether a party has satisfied the conference requirements, the Court "'looks beyond the sheer quantity of contacts. It examines their quality as well.'"[3] To assist the Court in its analysis, D. Kan. R. 37.2 requires that the certification "describe with particularity the steps taken" to resolve the discovery dispute. The purpose behind the conference requirements is to encourage the parties to resolve discovery disputes without judicial involvement.[4]

Plaintiff claims to have "exhausted the attempts to obtain voluntary compliance" with his request to depose Sanjeev Mehra, an alleged board member of Defendant Hawker Corporation.[5] The Court construes this statement as a certification that Plaintiff conferred in good faith with Defendants. But Plaintiff does not "describe with particularity" the steps he took to resolve the dispute as required by this District's local rules. Thus, it is difficult for the Court to assess whether Plaintiff satisfied his duty to confer with Defendants.

In their response to Plaintiff's motion, Defendants attach correspondence between the parties' respective counsel that discuss the current discovery dispute. In two e-mails, Plaintiff expressed a desire to depose Mr. Mehra.[6] In response to each e-mail, Defense counsel questioned

---

[2] *Id.*

[3] *P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)).

[4] *Id.*

[5] Defendants contend that Mr. Mehra is a board member of Hawker Beechcraft, Inc., which is not a party to this litigation.

[6] Defs.' Resp. to Pl.'s Mot. to Compel Dep. at 8, ECF No. 82; Mann Decl. ¶¶ 5-6, ECF No. 82-1; E-mail from Donald R. Aubry, attorney for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 3, 2011, 15:50 CST), ECF No. 82-2; E-mail from Donald R. Aubry, attorney

the relevance of deposing Mr. Mehra and requested that Plaintiff elaborate on the need for the deposition.[7]  During these communications, Plaintiff's counsel does not appear to have ever responded to Defendants' relevance objection or otherwise explain why Plaintiff was seeking to depose Mr. Mehra.  These e-mails alone do not constitute a reasonable effort to confer.

During depositions taken between October 18–20, 2011, the parties conferred orally regarding Mr. Mehra's deposition.[8]  Defense counsel ended the discussions by indicating that Defendants would not agree to produce Mr. Mehra for deposition and that Plaintiff would need to take up the issue with the Court.[9]  Considering the position taken by Defendants, the Court doubts that any further attempts to confer by Plaintiff would have been successful.  In the interest of moving this case forward, the Court finds Plaintiff has met the conference requirements embodied in the federal and local rules and will address the merits of Plaintiff's motion.

**II. Background**

On or about December 2, 2009, Plaintiff and Defendant Hawker Beechcraft International Service Company purportedly entered into an employment agreement whereby Plaintiff would be provided with a $650,000 severance payment if Defendants involuntary terminated Plaintiff's

---

for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 17, 2011, 14:18 CST), ECF No. 82-4.

[7] Defs.' Resp. to Pl.'s Mot. to Compel Dep. at 8, ECF No. 82; Mann Decl. ¶¶ 5-6, ECF No. 82-1; E-mail from Terry L. Mann, attorney for defendants, to Donald R. Aubry, attorney for plaintiff (Aug. 3, 2011, 19:26 CST), ECF No. 82-2; E-mail from Terry L. Mann, attorney for defendants, to Donald R. Aubry, attorney for plaintiff (Aug. 17, 2011, 14:28 CST), ECF No. 82-4.

[8] Mann Decl. ¶ 8, ECF No. 82-1.

[9] *Id.* ¶ 8.

employment.[10] On October 22, 2010, Defendants terminated Plaintiff's employment.[11] Plaintiff then filed the instant action alleging Defendants breached the parties' employment agreement by failing to pay the $650,000 severance payment and failing to pay other earned amounts and benefits, including a pro-rated fourth quarter bonus, unused vacation time, various business, medical, and moving expenses, annual tax preparation fees for 2010, and payment of Plaintiff's 2009 and 2010 foreign tax liability.[12]

Defendants argue Plaintiff is not entitled to the severance payment because his employment was terminated for cause. More specifically, Defendants contend they fired Plaintiff because he violated Defendants' policies and procedures for reimbursement of travel and entertainment expenses and unsatisfactorily performed his job duties. Defendants also believe Plaintiff is not entitled to the claimed compensation because he purportedly breached his fiduciary duty to Defendants by removing confidential information from Defendants' computer system.

Plaintiff filed this suit on November 29, 2010. Discovery was initially set to close on August 1, 2011. At the parties' request, the Court extended the discovery deadline to November 1, 2011 and later, to December 7, 2011.

In an e-mail to Defendants on August 3, 2011, Plaintiff first communicated his desire to depose Mr. Mehra.[13] Defendants initially responded that Mr. Mehra would need to be deposed in

---

[10] Am. Compl. ¶¶ 6–7, ECF No. 16.

[11] *Id.* ¶ 13 and Ex. B attached thereto; Answer ¶ 13, ECF No. 17.

[12] Am. Compl. ¶ 23.

[13] Mann Decl. ¶ 5, ECF No. 82-1; E-mail from Donald R. Aubry, attorney for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 3, 2011, 15:50 CST), ECF No. 82-2.

4

New York.[14]  Later that same day, Defendants sent a follow up e-mail to Plaintiff in which they questioned the relevance of Mr. Mehra's deposition and indicated they would need more information about his relevance to this case before they would agree to his deposition.[15]

In an e-mail dated August 17, 2011, Plaintiff appears to have again communicated a desire to take Mr. Mehra's deposition with the statement that there might be further depositions, "likely including a trip to New York for a deposition."[16]  Defendants immediately responded by reiterating that they did not believe Mr. Mehra had information relevant to this case.[17]  It does not appear that Plaintiff ever responded to Defendants' relevance objection.

In late October 2011, Defendants' counsel told Plaintiff's counsel that Defendants would not agree to produce Mr. Mehra for deposition and "that if he wished to take the deposition, he would need to take it up with the Court."[18]

Plaintiff filed this Motion to Compel Deposition on December 30, 2011 –  more than four months after the parties first discussed Mr. Mehra's deposition, more than two months after the parties' last known discussions regarding the deposition, and more than three weeks after discovery was closed.

---

[14] E-mail from Terry L. Mann, attorney for defendants, to Donald R. Aubry, attorney for plaintiff (Aug. 3, 2011, 15:59 CST), ECF No. 82-2.

[15] Mann Decl. ¶ 5, ECF No. 82-1; E-mail from Terry L. Mann, attorney for defendants, to Donald R. Aubry, attorney for plaintiff (Aug. 3, 2011, 19:26 CST), ECF No. 82-2.

[16] Mann Decl. ¶ 6, ECF No. 82-1; E-mail from Donald R. Aubry, attorney for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 17, 2011, 14:18 CST), ECF No. 82-4.

[17] Mann Decl. ¶ 6, ECF No. 82-1; E-mail from Terry L. Mann, attorney for defendants, to Donald R. Aubry, attorney for plaintiff (Aug. 17, 2011, 14:28 CST), ECF No. 82-4.

[18] Mann Decl. ¶ 8, ECF No. 82-1.

**III.   Analysis**

    **1.   Plaintiff Did Not Attach a Notice of Deposition to his Motion to Compel.**

D. Kan. R. 37.1(a) requires any motion to compel directed at depositions to be "accompanied by copies of the notices of depositions." Plaintiff's Motion to Compel Deposition was not accompanied by a copy of a notice of deposition. This is sufficient grounds to deny, without prejudice, Plaintiff's motion.[19]

    **2.   Plaintiff Failed to Serve a Notice of Deposition under Fed. R. Civ. P. 30(b)(1).**

Fed. R. Civ. P. 30(b)(1) states that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." There is no evidence that Plaintiff has ever served a notice to take Mr. Mehra's deposition.[20]

And the Court does not believe that the e-mails from Plaintiff's counsel expressing a desire to depose Mr. Mehra constitute a "notice of deposition" under Fed. R. Civ. P. 30(b)(1). In the first e-mail, Plaintiff stated he wanted to schedule the deposition of Mr. Mehra in early September.[21] In

---

[19] *See Bell v. City of Topeka*, No. 06-4026-JAR, 2007 WL 852635, at *1 (D. Kan. Mar. 20, 2007) (denying motion to compel because plaintiff failed to attach interrogatories at issue); *Pflum v. United States*, No. 99-4170-SAC, 2007 WL 120667, at *1 (D. Kan. Jan. 11, 2007) (denying motion to compel because plaintiff failed to attach interrogatories and responses in dispute); *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 38001, at *1 (D. Kan. Jan. 4, 2007) (denying motion to compel because defendant failed to attach interrogatories and responses in dispute "as to each plaintiff").

[20] Mann Decl. ¶ 8, ECF No. 82-1.

[21] E-mail from Donald R. Aubry, attorney for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 3, 2011, 15:50 CST), ECF No. 82-2.

6

the second e-mail, Plaintiff suggests Mr. Mehra's deposition would likely be in New York.[22] The Court does not believe that these e-mails meet the level of specificity required for a notice of deposition under Fed. R. Civ. P. 30(b)(1).[23]

There is no explicit requirement in the Federal Rules of Civil Procedure that a notice of deposition be served before a party seeks to compel a deposition. But courts in other jurisdictions have required a movant to serve a notice of a deposition that meets the requirements of Fed. R. Civ. P. 30(b)(1) prior to filing a motion to compel. For example, in *Pegoraro v. Marrero*, the court concluded that "[a]bsent evidence that the witnesses at issue were given reasonable written notices stating the time and place of their depositions, as required by Rule 30(b)(1) . . . the Court has no authority to compel witnesses, including the parties, to attend any depositions which were [not] noticed.[24] Other courts have phrased the inquiry slightly differently and denied as premature motions to compel depositions that had not been noticed as required by Fed. R. Civ. P. 30(b)(1).[25]

Although the Court has not found any authority from this District directly addressing this issue, various judges in this District have denied motions to compel responses to informal requests

---

[22] E-mail from Donald R. Aubry, attorney for plaintiff, to Terry L. Mann, attorney for defendants (Aug. 17, 2011, 14:18 CST), ECF No. 82-4.

[23] *See Williams v. Johanns*, No. 03-cv-2245, 2007 WL 1723662, at *3 (D.D.C. June 14, 2007) ("[I]t cannot be seriously argued that one lawyer telling another that he intends to take a deposition is 'service of a notice' of that deposition.").

[24] *Pegoraro v. Marrero*, No. 10 Civ. 00051(VM)(KNF), 2011 WL 5223652, at *4 (S.D.N.Y. Nov. 2, 2011).

[25] *Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008) (denying as premature a motion to compel deposition because plaintiff did not serve a notice of deposition that met the requirements of Fed. R. Civ. P. 30(b)(1) before filing her motion to compel); *Wolk v. Seminole Cnty.*, No. 6:05-cv-1722-Orl-18KRS, 2007 WL 328685, at *1 n.1 (M.D. Fla. Jan. 31, 2007) ("Because no deposition had been noticed as of the date of filing of the motion, a motion to compel such a deposition is not ripe for consideration.").

for production of documents. For example, in *Continental Casualty Co. v. Multiservice Corp.*, Judge O'Hara refused to compel defendant to respond to plaintiff's discovery requests because plaintiff had not formally requested production of the documents under Fed. R. Civ. P. 34.[26] In *Sithon Maritime Co. v. Mansion*, Judge Rushfelt denied a motion to compel responses to informal document requests and summarized the issue as follows:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel. . . . To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery. . . .
>
> . . . . Although both informal investigation and formal discovery have their proper place in the litigation arena, the Federal Rules of Civil Procedure address only formal discovery.[27]

Some of the same concerns expressed by Judge Rushfelt are present when a party informally requests a deposition without the parties having previously agreed to such a procedure. This Court has "broad discretion in the resolution of non-dispositive discovery disputes."[28] The above cited authority, both from within and outside this District, suggests that the Court is within its discretion to deny a motion to compel a deposition that was not formally noticed under Fed. R. Civ. P. 30(b)(1). The Court does not need to decide this issue, however, because the Court has an alternative ground for denying Plaintiff's motion – it is untimely.

---

[26] *Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *8 (D. Kan. Jan. 7, 2008); *see also Alexander v. Certified Master Builders Corp.*, No. 96-2515, 1998 WL 303497, at *2 (D. Kan. June 4, 1998).

[27] *Sithon Maritime Co. v. Mansion*, No. CIV. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 2008).

[28] *Comeau v. Rupp*, 142 F.R.D. 683, 684–85 (D. Kan. 1992).

### 4.  Plaintiff's Motion to Compel Deposition is Untimely.

Even if the Court were to construe Plaintiff's e-mails as a notice of deposition, the Court would still deny Plaintiff's motion to compel as untimely. D. Kan. R. 37.1(b) requires motions to compel to be "filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the court extends the time . . . for good cause." The rule "reflects that the triggering event is the service of the response that is the subject of the motion."[29] The 30-day time period begins when specific information *first* leading to a dispute is discovered.[30]

No matter what scenario the Court constructs, Plaintiff failed to file the Motion to Compel Deposition within the time specified by D. Kan. R. 37.1(b).  Plaintiff was on notice as early as August 3, 2011 that Defendants contended Mr. Mehra did not possess any relevant information.[31] This was re-iterated in defense counsel's August 17, 2011 e-mail.  Even using the later date of August 17, 2011 as the triggering event, Plaintiff should have filed his motion by September 16, 2011 to be considered timely.  If, instead, the Court considered Mr. Mehra's failure to appear for his theoretically noticed September deposition as the triggering event, then Plaintiff should have filed his motion in October.

The deadline for filing a motion to compel is not 30 days from the date the parties conclude

---

[29] *Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011).

[30] *Cont'l Cas. Co.*, 2008 WL 73345, at *4 (emphasis added).

[31] If the Court were to construe Plaintiff's counsel's August e-mails as an adequate notice of deposition, the Court would also construe defense counsel's e-mails in response as service of Defendant's objections to the deposition.  This underscores the potential confusion that ensues when parties do not follow the formal discovery rules but request the Court's assistance in resolving a resulting dispute.

9

their efforts to meet and confer.[32]  But even if the Court were to use the parties' October 18–20 discussions as the triggering event, this motion needed to be filed by November 21, 2011.  Instead, Plaintiff did not file his motion to compel until December 30, 2011 – more than four months after the parties first discussed Mr. Mehra's deposition and more than two months after the parties last discussed the issue.  Accordingly, the Court concludes that Plaintiff's motion is untimely.[33]

Plaintiff did not seek an extension of the 30-day deadline before it expired.  As a result, Plaintiff has waived his right to file a motion to compel unless he demonstrates excusable neglect.[34]  Plaintiff has not explained why he did not timely file the motion or otherwise address the factors considered by courts in analyzing excusable neglect.  As a result, the Court has no basis upon which to find Plaintiff has demonstrated excusable neglect.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Deposition (ECF No. 79) is hereby denied.

---

[32] *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011).

[33] *See id.* at *4 (denying motion to compel as untimely when the motion was filed 101 and 75 days respectively beyond the applicable deadlines and there was no showing of excusable neglect).

[34] D. Kan. R. 37.1(b); D. Kan. R. 6.1(a) ("Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."); *see also Layne Christensen Co.*, 2011 WL 124538 at *1 ("When a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine if it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect.").

**IT IS SO ORDERED.**

Dated this 2nd day of February 2012, at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
